# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TROUBADOUR INTESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00269 |
| ) | Judge Campbell/Frensley |
| TRACY EWING, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Remand filed by Plaintiff Troubadour Investments, LLC ("Troubadour"). Docket No. 7. Troubadour has also filed a Supporting Memorandum of Law. Docket No. 8. Tracy Ewing, the pro se Defendant, has filed a "Notice Not to Remand 28 U.S.C. § 1447(c)," which the Court will construe as a Response to the instant Motion. Docket No. 11.

## I. BACKGROUND

This case is a detainer action brought by Troubadour originally in Davidson County General Sessions Court, alleging failure to pay rent by Mr. Ewing. Docket No. 9, p. 4. On January 31, 2018, judgment was granted to Troubadour for $2,610.00 and possession of the rental property. *Id.* Mr. Ewing appears to have appealed the judgment to Davidson County Circuit Court (*see* Docket No. 9, p. 2), and, unsatisfied with the outcome, removed the case to this Court on March 8, 2018. Docket No. 1. The Notice of Removal is barely coherent but seems to express Mr. Ewing's desire to further appeal the judgment of The Davidson County General Sessions Court, indicating that he did not fully understand the appeals process due to his

pro se status, and suggesting that court personnel purposely failed to give him the appropriate information. *Id.*

Troubadour contends that this court lacks subject matter jurisdiction over the dispute, as the parties are not diverse and the Complaint does not raise a federal question. Docket No. 8. Mr. Ewing's Response is challenging to decipher. *See* Docket No. 11. For example, he asserts that "[t]here is no controversy between the consumer class Tracy Ewing[1] 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1692c(d) and Troubadour Investments LLC," yet proceeds to allude to a number of federal statutes (at least nine) which he seems to allege Troubadour has violated. *Id.* His principle allegation appears to be violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692). *Id.* at 3. Mr. Ewing does not allege diversity of citizenship between the parties. *Id.*

## II. <u>LAW AND ANALYSIS</u>

Removal from state to federal court is appropriate when a civil action is "brought in a state court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For such jurisdiction to exist, pursuant to "arising under" jurisdiction, the court looks to the allegations in the plaintiff's complaint. *Tennessee v. Britlee, Inc.*, Case No. 3:05-0846, 2006 U.S. Dist. LEXIS 96946 at *3 (M.D. Tenn. Jan. 5, 2006), *citing Gully v. First Nat. Bank of Meridian*, 299 U.S. 109, 112, 57 S. Ct. 96, 97 (1936) (the "right or immunity created by the Constitution of laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Where the initial complaint is based only on state law, a defense based upon federal law does not create federal

---

[1] Throughout his pleadings, Mr. Ewing refers to himself as "the consumer class" or "consumer."

question jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28, 94 S. Ct. 1002 (1974).

Here, Troubadour has brought a detainer action exclusively under state law. Although Mr. Ewing alleges violations of numerous federal statutes, these allegations are not components of the Complaint in this matter. A claim "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987). Troubadour's allegations in the detainer action make no reference whatsoever to federal law but exclusively allege violations of state or municipal law, as is appropriate for a landlord bringing a detainer action against a tenant. Removal statutes are to be strictly construed, and "[a]ll doubts as to propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). When removing an action to federal court, the burden falls on the party removing the action to prove that the jurisdictional facts it alleges are true such that removal was proper. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Mr. Ewing has failed to meet that burden, in that the federal statute violations that he alleges would be considered defensive matters, not an element of Troubadour's proof in the detainer action.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Troubadour's Motion to Remand (Docket No. 7) be GRANTED. Fed. R. Civ. P. 12(h)(3) provides that "whenever it appears by suggestion of the parties of otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Therefore, the undersigned further recommends that this cause of action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge